TAYLOR, Presiding Judge.
The appellant, Christopher L. Smith, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 25 years in the penitentiary.
The state’s evidence tended to show that on July 21,1992, the appellant robbed James R. Davidson III at his store in McCalla. Davidson testified that at about 6:10 p.m. a Buick Riviera automobile passed his store, turned around in a driveway, and then came back into the parking lot of the store. The appellant and another young black man entered the store. Davidson testified that the appellant walked toward the back of the *156 store to get some soft drinks out of the cooler. The other man stood by the door and told the appellant to bring him some potato chips. The appellant brought the drinks and the bag of potato chips to the front of the store and put them on the counter. Both men then pulled out small semiautomatic pistols, pointed them at Davidson, and told him to give them “all the money.”
Davidson testified that he took some money out of the cash register and laid it on the counter. However, he did not take out the larger bills. He stated that the appellant noticed this and said, “Give it all to us or we’ll Mil you.” Davidson put the rest of the money on the counter and backed away from the cash register with his hands up. The appellant took the money off of the counter and put it in his pocket.
Davidson testified that the appellant then walked around to the end of the counter and Mcked the door that led behind the counter. The appellant then walked back to where he had been standing and both men started shooting. Davidson stated that he reached for his .45 semiautomatic pistol that he kept behind the counter and fired two shots. The two men then fled the store and drove away. Davidson called a neighbor and the Jefferson County Sheriffs Department. He suffered gunshot wounds to his right shoulder and his neck.
Brian Tomberlin testified that he had stopped at Davidson’s store to buy cigarettes a couple of minutes before the time of the robbery. When he drove into the store parking lot he saw two young black men standing at the door. He stated that when he drove up they appeared “spooked” and that they walked quickly back to their car, a Buick Riviera. Tomberlin entered the store, purchased some cigarettes, and left. As he was waiting for traffic to clear so he could enter the road from the parMng lot, he noticed the two men walk back to the door of the store. Because their behavior appeared strange and suspicious to Tomberlin, he memorized the license plate number of the Buick Riviera.
The Buick Riviera described by Tomberlin and Davidson was stolen from Vivian Clow-dus on July 20, 1992, the day before the robbery. Clowdus testified that she owned the Buick Riviera with the same license plate number identified by Tomberlin. She stated that she did not recover the car until three or four days after it had been stolen. The appellant’s palm print was found inside the car.
The appellant contends on appeal that the trial court erred by allowing testimony of prior bad acts to be received into evidence. More specifically, he contends that the state was allowed to ask questions relating to appellant’s alleged theft of the Buick Riviera and its subsequent use in the robbery.
“On the trial of a person for alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried. This a general exclusionary rule which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.”
C. Gamble, McElroy’s Alabama Evidence, § 69.01(1) (4th ed. 1991).
“However, crimes or bad acts of the accused are admissible when such crimes are ‘inseparably connected with’ or are part of the res gestae of the now charged crime.” King v. State, 595 So.2d 539, 541 (Ala.Cr. App.1991); Smoot v. State, 381 So.2d 668, 671 (Ala.Cr.App.1980). “This rule is often expressed in terms of the other crime and the now-charged crime being parts of one continuous criminal occurrence.” Rowell v. State, 570 So.2d 848, 852 (Ala.Cr.App.1990), citing McElroy’s Alabama Evidence, § 69.01(3). “Evidence of other crimes is properly admissible as part of the res gestae if all of the criminal acts are part of one continuous criminal adventure by the same party occurring within a matter of hours.” Rowell, 570 So.2d at 852. Here, the theft of the Buick Riviera occurred the day before the robbery and the appellant used the car in *157 the robbery itself as well as in fleeing from the robbery. These events were all part of a continuous transaction and were “inseparably connected with” the robbery.
We hold that the trial court did not err by allowing the above testimony to be received into evidence.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.